### LOOIS v. EUREKA CLUB.

(Supreme Court, Appellate Division, Fourth Department. January 18, 1899.)

ICY SIDEWALKS—NEGLIGENCE—EVIDENCE.

   Evidence that for several days water coming off from defendant's house had been allowed to run down the driveway beside it onto the sidewalk, and there freeze, and that defendant's servants had dug a channel taking it onto the sidewalk, where it formed ice, on which plaintiff slipped, is sufficient to authorize a finding of negligence.

Appeal from trial term.

Action by Cora C. Loois against the Eureka Club. From a judgment dismissing the complaint on the merits, entered on a nonsuit granted at the close of plaintiff's evidence, and from an order denying a motion for a new trial made on the minutes, plaintiff appeals. Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and McLENNAN, JJ.

David N. Salisbury, for appellant.
David Hays, for respondent.

FOLLETT, J. This action was begun February 14, 1895, to recover damages for personal injuries caused, it is alleged, by the negligence of the defendant. The defendant is a domestic corporation organized as a social club, under chapter 267 of the Laws of 1875, which was repealed, except section 7, by chapter 559 of the Laws of 1895 (Membership Corporations Law). During the year 1892 the defendant was the owner and occupant of a club house on the west side of North Clinton street, in the city of Rochester. On the north side of the club house was a driveway by which carriages entered the grounds of the club from the street and returned from the grounds to the street. January 16, 1892, the plaintiff, then aged 28 years, was employed in the store of Sibley, Lindsay & Curr; and in returning to her home from the store in the evening of that day she slipped on the ice which had been allowed to accumulate on the sidewalk at or near the driveway, and broke one of the bones of her left ankle, causing her great pain and much loss of time, and from the effects of the injury she has never recovered. It appears by the undisputed evidence that the water which came from the north side of the defendant's roof was allowed to flow along the driveway and cover the sidewalk, and there freeze. The defendant's servants, to facilitate the discharge of water from its grounds, cut a gutter, which gathered the water and carried it onto and over the sidewalk. This gutter or channel is said to have been about a foot in width. The plaintiff testified that she thought the stream of water which had been allowed to flow over the sidewalk when she had previously passed by there was about two inches deep, and that it continued to run until it froze. She testified that when she passed over the walk at noon of the day of the accident the sun was shining and the water flowing, and that the water ran down the walk towards Franklin street, and across the next driveway into the gutter in front of the next building. She testified that the ice was in ridges, with a rough, uneven surface; that the gutter was cut down into the ice and snow as far back from the walk as she could see. The plaintiff's sister testified that in the afternoon of the day of the accident she passed this driveway, and that the ice on its surface was very thick, and the gutter through which the water flowed from the grounds of the club was visible, and that she had seen water flowing through it. She testified that the ice was thick—six inches in places, often more—and "humpy." Bertha Ihrig testified that January 16, 1892, between 12 and 1 o'clock, she passed by the club house, and saw water flowing over the sidewalk in front

of defendant's driveway, which came from defendant's grounds; that there was ice on the walk over which the water was flowing, and that it was then freezing; that she had trouble in passing over the walk, and nearly slipped and fell. She said that the water, when it reached the sidewalk, flowed all over it, on both sides of the driveway in front of the club, and in front of her sister's place, which was the next house north. Ernest L. Miller testified that he resided in January, 1892, in the house next north of the club, and had lived there for 16 years; that prior to the 16th of January he had been confined to his bedroom, which faced towards the club house, and that he saw defendant's employés working about the grounds on the morning of the day of the accident, saw them picking there, and saw lots of water running down into the cellarway of the club. Emma Miller testified that she passed along the walk on the 16th of January, 1892, and that she stepped into a lot of water running across the sidewalk at the driveway, and that the water came from the club-house property, and that she fell on the walk by the club house. Augustus C. Danks testified that he observed the walk in front of the club house two or three days before the accident, and shortly after the accident, and that he saw water running from defendant's land down the driveway over the sidewalk, and freezing as it ran, and that he saw a person cutting a channel from the back of defendant's grounds down to the street on the north side of the driveway, and that he saw the water running through this channel across the sidewalk. He testified that he was a plumber, and that he saw water coming from a conductor pipe leading into the ground, and that water came right up out of it; that the conductor led the water from the roof to a sewer; that the water, instead of entering the sewer, flowed through the gutter over the sidewalk. Other evidence of the same character was given, but I think enough has been quoted to show that there was evidence which would have authorized the jury to have found that the defendant was negligent in permitting water to flow from its grounds over this sidewalk for this length of time, and allow it to freeze there. The evidence in the case is sufficient to authorize the jury to have found that the plaintiff did not by her own negligence contribute to the accident. The court erred in granting a nonsuit.

The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur, except WARD, J., not voting.